1  MATTHEW A. LESNICK (SBN 177594)
    matt@lesnickprince.com
2  CHRISTOPHER E. PRINCE (SBN 183553)
    cprince@lesnickprince.com
3  DEBRA E. CARDARELLI (SBN 272087)
    dcardarelli@lesnickprince.com
4  LESNICK PRINCE & PAPPAS LLP
   185 Pier Avenue, Suite 103
5  Santa Monica, CA 90405
   Telephone:  (310) 396-0964
6  Facsimile:    (310) 396-0963

7  Counsel for Wesley H. Avery
   Chapter 7 Bankruptcy Trustee
8

9                    UNITED STATES BANKRUPTCY COURT

10                    CENTRAL DISTRICT OF CALIFORNIA

11                           LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:15-bk-17066-VZ |
| | Chapter 7 |
| | Adv. No.: _____ |
| COAST BRIDGE LOGISTICS, INC., | **COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; AND (2) DISALLOWANCE OF CLAIM** |
| Debtor. | |
| | [Status Conference to be Set by Court] |
| WESLEY H. AVERY, solely in his capacity as Chapter 7 Trustee for Coast Bridge Logistics, Inc. | |
| Plaintiff, | |
| v. | |
| DIRECT CHASSISLINK, INC., a Delaware corporation, | |
| Defendant. | |

Wesley H. Avery, solely in his capacity as chapter 7 trustee for Coast Bridge Logistics, Inc. ("Plaintiff" or the "Trustee") alleges:

## JURISDICTION AND VENUE

1. This Complaint commences an adversary proceeding within the meaning of Federal Rule of Bankruptcy Procedure 7001. Pursuant to 28 U.S.C. §§ 1334 and 157 and the General Order of the United States District Court of the Central District of California referring all matters relating to bankruptcy to the bankruptcy judges, this Court has jurisdiction over this adversary proceeding, which arises in and relates to a case under Title 11. This adversary proceeding is a "core" proceeding, which this Court may hear and determine, within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (F), and (O).

2. Venue for this adversary proceeding properly lies in this judicial district pursuant to 28 U.S.C. § 1409.

3. This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding by virtue of 28 U.S.C. § 1334.

## THE PARTIES

4. Plaintiff is the duly-appointed chapter 7 bankruptcy trustee for Coast Bridge Logistics, Inc. (the "Debtor"). On May 1, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor was a privately owned and operated interstate for-hire motor carrier which offered truckload and less-than-truckload freight transportation, United States Customs-bonded freight trucking, intermodal drayage and public warehousing services. On September 1, 2016, the Court entered its order converting this case to Chapter 7. On September 14, 2016, the Trustee was duly appointed to serve as the chapter 7 trustee of this estate. The Trustee has acted as the chapter 7 trustee since that time.

5. Plaintiff is informed and believes and alleges that Defendant Direct ChassisLink, Inc. ("Defendant") is a corporation organized under the laws of the State of

2

Delaware and that, at all relevant times, Defendant engaged in extensive business activity in Los Angeles County, California.

## FIRST CLAIM FOR RELIEF
**[To Avoid and Recover Preferential Transfers Pursuant to
11 U.S.C. §§ 547 and 550 Against The Defendant]**

6. Plaintiff realleges and incorporates by reference paragraphs 1 through 5.

7. Within the 90 days prior to the Petition Date (the "Preference Period"), the Debtor made one or more transfers of property to or for the benefit of Defendant including the following (collectively, the "Preferential Transfers"):

| Date | Check No. | Amount |
|---|---|---|
| 02/06/2015 | 4505 | $5,077.80 |
| 02/23/2015 | 4557 | $5,338.20 |
| 03/03/2015 | 4581 | $8,239.80 |
| 03/12/2015 | 4616 | $3,066.00 |
| 03/20/2015 | 4651 | $3,047.70 |
| 03/30/2015 | 4681 | $3,139.20 |
| 04/10/2015 | 4709 | $2,450.25 |
| 04/14/2015 | 4743 | $520.90 |
| 04/21/2015 | 4789 | $4,913.25 |
|  |  | **$35,793.10** |

8. Plaintiff will amend this Complaint to include additional transfers if and when he discovers any additional Preferential Transfers.

9. Defendant was a creditor of the Debtor at the time of the Preferential Transfers.

10. The Preferential Transfers were to or for the benefit of Defendant.

3

11. The Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before such Preferential Transfers were made.

12. The Preferential Transfers enabled Defendant to receive more than it would have received in a case under chapter 7 of the Bankruptcy Code if the Preferential Transfers had not been made, and if Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

13. The Debtor was insolvent at the time of the Preferential Transfers.

14. Pursuant to § 547(b) of the Bankruptcy Code, Plaintiff may avoid the Preferential Transfers and, pursuant to § 550(a) of the Bankruptcy Code, may recover the property transferred or its equivalent cash value from Defendant.

**SECOND CLAIM FOR RELIEF**
**[Objection to Claim – 11 U.S.C. § 502(d);**
**Fed.R.Bank.P. 3007]**

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14.

16. As of the date of this Complaint, Defendant has not filed a proof of claim in the Debtor's bankruptcy case, and was listed on Debtor's schedules. However, Defendant may still attempt to file or assert a claim (the "Claim").

17. The Claim must be disallowed pursuant to 11 U.S.C. § 502(d) because Defendant received the Preferential Transfers which are avoidable under 11 U.S.C. § 547 and recoverable under 11 U.S.C. § 550, and Defendant has not paid to the estate the amount for which Defendant is liable under 11 U.S.C. § 550.

Based on the above allegations, Plaintiff prays as follows:

1. For a judgment decreeing that the Preferential Transfers are avoidable transfers which may be recovered by Plaintiff for the benefit of the bankruptcy estate and for a money judgment in the amount of the Preferential Transfers;

4

     2.     For a judgment disallowing all claims of Defendant against the Debtor (unless and until all avoidable preferential transfers are turned over to the estate.)

     3.     For interest at the legal rate;

     4.     For Plaintiff's reasonable costs and attorneys' fees in this action; and

     5.     For such other and further relief as the Court deems just and proper.

DATED:  August 10, 2017          LESNICK PRINCE & PAPPAS, LLP

By:   /s/ Matthew A. Lesnick
      Matthew A. Lesnick
      Counsel for Plaintiff Wesley H. Avery as
      Chapter 7 Trustee

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> WESLEY H. AVERY, solely in his capacity as Chapter 7 Trustee for Coast Bridge Logistics, Inc. | **DEFENDANTS** <br> DIRECT CHASSISLINK, INC., a Delaware corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Matthew A. Lesnick, Lesnick Prince & Pappas LLP <br> 185 Pier Avenue, Suite 103, Santa Monica, CA 90405 <br> (310) 396-0964 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☑ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor   ☐ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Preferential Transfer, 11 U.S.C. §§ 547, 550; Objection to Claim, 11 U.S.C. §502(d), Fed.R.Bank.P. 3007 ||

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property** <br> ☐ 11-Recovery of money/property - §542 turnover of property <br> ☑ 12-Recovery of money/property - §547 preference <br> ☐ 13-Recovery of money/property - §548 fraudulent transfer <br> ☐ 14-Recovery of money/property - other <br><br> **FRBP 7001(2) – Validity, Priority or Extent of Lien** <br> ☐ 21-Validity, priority or extent of lien or other interest in property <br><br> **FRBP 7001(3) – Approval of Sale of Property** <br> ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) <br><br> **FRBP 7001(4) – Objection/Revocation of Discharge** <br> ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) <br><br> **FRBP 7001(5) – Revocation of Confirmation** <br> ☐ 51-Revocation of confirmation <br><br> **FRBP 7001(6) – Dischargeability** <br> ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims <br> ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud <br> ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny <br> **(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)** <br> ☐ 61-Dischargeability - §523(a)(5), domestic support <br> ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury <br> ☐ 63-Dischargeability - §523(a)(8), student loan <br> ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) <br> ☐ 65-Dischargeability - other <br><br> **FRBP 7001(7) – Injunctive Relief** <br> ☐ 71-Injunctive relief – imposition of stay <br> ☐ 72-Injunctive relief – other <br><br> **FRBP 7001(8) Subordination of Claim or Interest** <br> ☐ 81-Subordination of claim or interest <br><br> **FRBP 7001(9) Declaratory Judgment** <br> ☐ 91-Declaratory judgment <br><br> **FRBP 7001(10) Determination of Removed Action** <br> ☐ 01-Determination of removed claim or cause <br><br> **Other** <br> ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* <br> ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ 35,793.10 |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Coast Bridge Logistics, Inc. | BANKRUPTCY CASE NO.<br>2:15-bk-17066-VZ | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Vincent P. Zurzolo | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/Matthew A. Lesnick | | | |
| DATE<br>08/10/2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Matthew A. Lesnick | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.